# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

CALEB MARCHAND,

          Plaintiff,

   -v-

EXPERIAN INFORMATION SOLUTIONS, INC.,

          Defendant.

Civil Action No.

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant Experian Information Solutions, Inc. ("Experian"), hereby files this Notice of Removal of the above-captioned action to this Court and state as follows:

1. Experian is the only named Defendant in Docket Number KNL-CV-6072882-S, filed by Plaintiff Caleb Marchand ("Plaintiff") in the Superior Court of J.D. of New London (the "State Court Action").

2. The Complaint in the State Court Action was filed on or about February 15, 2025. Plaintiff served Experian on February 20, 2025.

3. This Notice is being filed with this Court within thirty (30) days after Experian received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based, as required by 28 U.S.C. § 1446(b). Experian is the only Defendant to this action.

4. This Court is the proper district court for removal because the State Court Action is pending within this district.

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Experian in the State Court Action is attached hereto as Exhibit A.

6.      Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.  Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

7.      The claims for relief against Experian in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*.  Thus, this Court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a).

9.      Promptly after the filing of this Notice of Removal, Experian shall provide notice of the removal to Plaintiff through Plaintiff's attorney of record in the State Court Action, and shall file a copy of this Notice with the clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).


DATED: March 24, 2025                            Respectfully submitted,

                                                /s/      Marc J. Kurzman (ct01545)
                                                Marc J. Kurzman (ct01545)
                                                Carmody Torrance Sandak & Hennessey LLP
                                                1055 Washington Boulevard, Fourth Floor
                                                Stamford, CT 06901
                                                Telephone: 203-425-4200
                                                Fax: 203-325-8608
                                                Email: mkurzman@carmodylaw.com

                                                *Attorney for Defendant Experian Information Solutions, Inc.*

{S7622920}                              2

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2025, a copy of the foregoing document was filed with the court and served by e-mail and first-class mail on the following party:

April Forbes, Esq.
April Forbes, P.C.
P.O. Box 865
Hudson, New York 12534
aforbes@esquirepc.org
*Counsel for Plaintiff*

/s/     Marc J. Kurzman (ct01545)
Marc J. Kurzman (ct01545)

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions are on page 2.**

☐  Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒  Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☒  Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | **Return Date** *(Must be a Tuesday)* |
|---|---|---|
| | (      )      – | |

| ☐ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | Number: | | Major: **M90**    Minor: **T90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| **April Forbes, Esq., P.O. Box 865, Hudson, New York 12534** | **444521** |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| (518 )249 – 5328 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* **aforbes@esquirepc.org** |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: <br> Address: **Marchand, Caleb, 123 Bull Hill Road, Colchester, Connecticut 06415** | **P-01** |
| **Additional plaintiff** | Name: <br> Address: | **P-02** |
| **First defendant** | Name: <br> Address: **Experian Information Solutions, Inc., 475 Anton Boulevard, Costa Mesa, California 92626** | **D-01** |
| **Additional defendant** | Name: <br> Address: | **D-02** |
| **Additional defendant** | Name: <br> Address: | **D-03** |
| **Additional defendant** | Name: <br> Address: | **D-04** |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☐ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| | | ☐ _____ Clerk | |

| If this summons is signed by a Clerk: | | *For Court Use Only* |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

| Print Form | **Page 1 of 2** | Reset Form |
|---|---|---|

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

    Do *not* use this summons for the following actions:

    (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
    (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
    (c) Applications for change of name
    (d) Probate appeals

    (e) Administrative appeals
    (f) Proceedings pertaining to arbitration
    (g) Summary Process (Eviction) actions
    (h) Entry and Detainer proceedings
    (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | | | |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 20 | Mandamus | | V 05 | Motor Vehicles* - Property Damage only |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 40 | Arbitration | | V 09 | Motor Vehicle* - All other |
| | M 50 | Declaratory Judgment | | V 10 | Boats |
| | M 63 | Bar Discipline | | V 20 | Airplanes |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 30 | Railroads |
| | M 68 | Bar Discipline - Inactive Status | | V 40 | Snowmobiles |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | V 90 | All other |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 83 | Small Claims Transfer to Regular Docket | | | |
| | M 84 | Foreign Protective Order | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | W 90 | All other |
| | M 90 | All other | | | |

Print Form     **Page 2 of 2**     Reset Form

State of Connecticut        )
                            ) SS        Manchester            February 19, 2025
County of Hartford          )

Then and by virtue hereof and by direction of the plaintiff's attorney, I made due and legal

service upon the within named defendant, **Experian Information Solutions, Inc., c/o AFS: CT**

**Corporation System,** by leaving a verified, true and attested copy of the original WRIT

SUMMONS-CIVIL, AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL, STATEMENT OF

AMOUNT IN DEMAND, with and in the hands of Marissa Titain, Authorized Recipient of Service

for Agent, CT Corporation System, 357 East Center Street, Ste. 2J, in said Town of Manchester.


The within is the original WRIT SUMMONS-CIVIL, AMENDED COMPLAINT AND DEMAND FOR

JURY TRIAL, STATEMENT OF AMOUNT IN DEMAND, with my doings hereon endorsed.

Attest:

Lisa H. Stevenson
Connecticut State Marshal
Hartford County


| Service        |  50.00   |
| Travel         |   4.00   |
| Endorsements   |   2.00   |
| Verified Pages |  14.00   |
| TOTAL          | $70.00   |

AF021925

LISA H. STEVENSON
CONNECTICUT STATE MARSHAL
(860) 291-8805

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/

**STATE OF CONNECTICUT
JUDICIAL BRANCH
SUPERIOR COURT**
www.jud.ct.gov

| | |
|---|---|
| ☐ | Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500. |
| ☒ | Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE. |
| ☑ | Select if claiming other relief in addition to, or in place of, money or damages. |

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 112 Broad Street, New London, Connecticut 06320 | ( 860 ) 443 – 8343 | **March 18, 2025** |

| | | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☒ Judicial District | G.A. | New London | |
| ☐ Housing Session | ☐ Number: | | Major: **M**    Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| April Forbes, Esq., P.O. Box 865, Hudson, New York 12534 | 444521 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 518 ) 249 – 5328 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)    ☒ Yes    ☐ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book
aforbes@esquirepc.org

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **Marchand, Caleb**<br>Address: **123 Bull Hill Road, Colchester, Connecticut 06415** | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: **Experian Information Solutions, Inc.**<br>Address: **475 Anton Boulevard, Costa Mesa, California  92626** | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued**. This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 02/15/2025 | | ☐ Clerk | April Forbes |

| | For Court Use Only |
|---|---|
| If this summons is signed by a Clerk: | File Date |
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

| Print Form | Page 1 of 2 | Reset Form |
|---|---|---|

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do *not* use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals

   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 70 | Dissolution of Lien Upon Substitution of Bond |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | P 90 | All other |
| | C 60 | Uniform Limited Liability Company Act - C.G.S. 34-243 | Torts | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | (Other than Vehicular) | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| Housing | H 00 | Housing - Summary Process | | T 30 | Malpractice – All other |
| | H 03 | Housing - Deceased Tenants - Summary Process | | T 40 | Assault and Battery |
| | H 10 | Housing - Return of Security Deposit | | T 50 | Defamation |
| | H 12 | Housing - Rent and/or Damages | | T 61 | Animals - Dog |
| | H 20 | Housing - Housing Code Enforcement | | T 69 | Animals - Other |
| | H 30 | Housing - Entry and Detainer | | T 70 | False Arrest |
| | H 40 | Housing - Audita Querela/Injunction | | T 71 | Fire Damage |
| | H 50 | Housing - Administrative Appeal | | T 90 | All other |
| | H 60 | Housing - Municipal Enforcement | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | H 70 | Housing - Bed Bug Infestation | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | H 87 | Housing - Denied Fee Waiver Appeal | | V 05 | Motor Vehicles* - Property Damage only |
| | H 90 | Housing - All Other | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| Miscellaneous | M 00 | Injunction | | V 09 | Motor Vehicle* - All other |
| | M 10 | Receivership | | V 10 | Boats |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 20 | Airplanes |
| | M 20 | Mandamus | | V 30 | Railroads |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 40 | Snowmobiles |
| | M 40 | Arbitration | | V 90 | All other |
| | M 50 | Declaratory Judgment | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 63 | Bar Discipline | | | |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | Wills, Estates and Trusts | W 00 | Probate Appeals |
| | M 68 | Bar Discipline - Inactive Status | | W 10 | Construction of Wills and Trusts |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | W 90 | All other |
| | M 75 | Foreign Subpoena - C.G.S. 52-657 | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | | | |
| | M 84 | Foreign Protective Order | | | |
| | M 85 | Civil Protection Order | | | |
| | M 87 | Denied Fee Waiver Appeal | | | |
| | M 88 | Application for Pro Hac Vice for State or Municipal Agency/Board | | | |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

Print Form

Page 2 of 2

Reset Form

RETURN DATE: MARCH 18, 2025

|  |  |
|---|---|
| | **SUPERIOR COURT**<br>**J.D. OF NEW LONDON** |

-------------------------------------------------------------------X

CALEB MARCHAND,

                         Docket No.: KNL-CV-25-6072882-S

              Plaintiff,

  -against-                       **AMENDED COMPLAINT**

EXPERIAN INFORMATION SOLUTIONS, INC.,

                              **DEMAND FOR JURY TRIAL**

              Defendant(s).         FEBRUARY 15, 2025

-------------------------------------------------------------------X

        Plaintiff CALEB MARCHAND ("Plaintiff"), by and through his attorneys, April Forbes, P.C.,

as for his Amended Complaint against Defendant EXPERIAN INFORMATION SOLUTIONS, INC.

("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the

following:

       1.     Plaintiff brings this action for damages, declaratory relief and injunctive relief arising

from Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code

("U.S.C."), commonly referred to the Fair Credit Reporting Act ("FCRA").

**Parties:**

       2.     Plaintiff resides in the County of New London within the State of Connecticut.

       3.     Defendant is an Ohio corporation with a principal business in Costa Mesa, California.

       4.     Defendant is regularly engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports - as defined in 15

U.S.C. §1681(d) to third parties.

**Jurisdiction:**

       5.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337 as well

as 15 U.S.C. §1681p *et seq.* and 28 U.S.C. §2201.

6.    The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

## Venue:

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## Factual Allegations:

8.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.    Plaintiff obtained a copy of his credit report and noticed several accounts reporting with inaccurate information.

10.    Based on the inaccurate information noticed by Plaintiff on his credit report, he wrote a dispute letter to Defendant which was dated July 17, 2024 ("Plaintiff's July dispute letter").

11.    Plaintiff's July dispute letter was sent to Defendant via certified mail and stated:

Dear Experian

I am writing to dispute the following information that appears on my Experian consumer report.

1. SYNCB/AMAZON ACCT#: ……XXXXXXX : I have always paid my debts on time and I have never been late on this account.

2. PENTAGON FCU ACCT#: …..XXXXXX : I have always paid my debts on time and I have never been late on my car payments.

3. ESB/ HARLEY DAVIDSON CR ACCT#: ……XXXXXX FOR $4815: I did have an issue with this account but I do not recall this account with such a high balance. Its much higher than I recall.

4. FORD MOTOR CREDIT COMP ACCT#: ……XXXXXX: I have always paid my debts on time and I have never been late on this account.

5. GREENWOOD CU ACCT#: XXXXXXXX FOR $321: This line item was paid in full in 2018, there should be no balance on this account.

6. SCIENT FCU ACCT#: …..XXXXX FOR $8250 : This auto loan balance is incorrect as I recall it was a much lower balance and it was never corrected. It needs to be verified.

7. MEREDITH VILLAGE SVG ACCT#: …..XXXXXX FOR $11,752: I have paid this account in full during COVID and there should be no balance. There have been multiple attempts to verify this account and no response.

8. SCIENT FCU ACCT#: …..XXXXX FOR $526: This account was paid in full years ago and it is reporting inaccurately and needs to be corrected.

12.    Defendant failed to respond and did not do an investigation.

13.    On October 3, 2024, Plaintiff sent a second dispute letter to Defendant with a

request for a method of verification ("Plaintiff's second dispute letter").

14.    Plaintiff's second dispute letter stated:

Dear Experian

Re: delete inaccurate information

My credit report was recently pulled and I realized there are a few errors on my file. This is the second attempt to correct this inaccurate information. I am requesting that you review and remove the following accounts as they are incomplete, inaccurate ( amount owed to each account), PAST THE STATUTE OF LIMITATION REPORTING  PERIOD AS WELL REPORTING INCORRECT WRITE OFF AMOUNTS AND LAST PAYMENT DATES, and or unverifiable.

I REQUESTED THIS ACCOUNT TO BE DELETED FROM MY CREDIT FILE DIRECTLY FROM THE FURNISHER. IF THIS ACCOUNT IS NOT GOING TO BE DELETED, I AMREQUESTING THE FOLLOWING STATUTORY CONSUMER STATEMENT TO SHOW ON MY CREDIT REPORT. IT SHOULD STATE THE FOLLOWING: "THE ACCOUNTS AREREPORTING PAST THE STATUTE OF LIMITATION REPORTING PERIOD AS WELL REPORTING INCORRECT WRITE OFF AMOUNTS AND LAST PAYMENT DATES."

If this statement is not disclosed on my report, the account needs to be deleted immediately.

The following accounts:

1. SYNCB/AMAZON ACCT#: …..XXXXXXX
2. GREENWOOD CU ACCT#: XXXXXXXX
3. SCIENT FCU ACCT#: ….XXXXX
4. MEREDITH VILLAGE SVG ACCT#: ….XXXXXX
5. PENTAGON FEDERAL CU ACCT#: ….XXXXX
6. SCIENT FCU ACCT#: ….XXXXX
7. PORTFOLIO RECOV ASSOC ACCT#: ….XXXXXX

**PLEASE NOTE** I AM OPTING OUT OF RECEIVING CREDIT REPORT RESPONSES ELECTRONICALLY. I MUST RECEIVE ALL CORRESPONDENCE VIA U.S. MAIL. AS OF RIGHT NOW, PLEASE DO NOT ADD A FRAUD ALERT TO MY CREDIT FILE UNLESS I SPECIFICALLY REQUEST IT FROM YOU AND NOT FROM ANY OTHER CREDIT BUREAU(S).

I am also requesting a copy of my entire credit file for further reviews. I am requesting that you forward me all documents you have concerning my file, not just my report. Please include all factual data forms, all notices of delinquencies and any other items that my file might contain.

15.    Defendant responded to Plaintiff's second dispute letter on November 21 2024, but

failed to properly investigate and failed to include the required consumer statement under 15 U.S.C.

§1681i(a)(8)(b).

16.    Plaintiff pulled his credit report again on December 24, 2024.

17.    Plaintiff's credit report was neither updated nor did it contain the consumer statement.

## Count One: Violation(s) of the FCRA

18.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19.    15 U.S.C. §1681i(a) is entitled "Reinvestigations of disputed information" and provides as follows:

(1) Reinvestigation required

(A) In general

Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(6)    NOTICE OF RESULTS OF REINVESTIGATION

(A)    In general

A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.

(B) Contents. As part of, or in addition to, the notice under subparagraph (A), a consumer reporting agency shall provide to a consumer in writing before the expiration of the 5-day period referred to in subparagraph (A)—

(i)    a statement that the reinvestigation is completed;

(ii)    a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;

(iii)    a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available;

(iv)    a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and

(v)    a notice that the consumer has the right to request under subsection (d) that the consumer reporting agency furnish notifications under that subsection.

(7)    DESCRIPTION OF REINVESTIGATION PROCEDURE

> A consumer reporting agency shall provide to a consumer a description referred to in paragraph
> (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description.

20.     Defendant violated 15 U.S.C. §1681i(a) by: (i) failing to investigate the disputed account as requested within Plaintiff's July dispute letter and adequately; (ii) failing to respond to Plaintiff's July dispute letter within the required thirty (30) day period; and (iii) further failing to delete the account within the required 30 day period.

21.     Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to: (i) establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained; and (ii) update the credit report, delete and/or remove the disputed accounts as Plaintiff requested and as required by law.

22.     As a result of Defendant's violation(s) of 15 U.S.C. §1681e (b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

23.     The violation(s) by Defendant of 15 U.S.C. §1681e (b) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

24.     After receiving Plaintiff's July dispute letter, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

25.     As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA and in response to Plaintiff's July dispute letter, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

26.     Defendant is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

27.     Defendant prepared, compiled, issued assembled, transferred, published, and otherwise

reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

28.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

29.    Defendant violated 15 U.S.C. §1681i(a) by failing to: (i) conduct a reasonable reinvestigation after receiving the Plaintiff's July dispute letter regarding an Errant Trade line to determine whether the disputed information was inaccurate; and (ii) record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

30.    As a result of Defendant's violation(s) of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

31.    The violation(s) by Defendant of 15 U.S.C. §1681i(a) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

32.    In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

33.    As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

34.    The violation(s) by Defendant of 15 U.S.C. §1681i (a)(1)(A) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

35.    In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

36.    Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

37.    Defendant violated 15 U.S.C. §1681i(a) by: (i) failing to investigate the disputed account

as requested within Plaintiff's second dispute letter and adequately; (ii) failing to respond to Plaintiff's July dispute letter within the required thirty (30) day period; and (iii) further failing to delete the account within the required 30 day period.

38.     Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to: (i) establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained; and (ii) update the credit report, delete and/or remove the disputed accounts as requested in Plaintiff's second dispute letter and as required by law.

39.     As a result of Defendant's violation(s) of 15 U.S.C. §1681e (b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

40.     The violation(s) by Defendant of 15 U.S.C. §1681e (b) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

41.     After receiving Plaintiff's second dispute letter, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

42.     As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA and in response to Plaintiff's second dispute letter, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43.     Defendant is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

48.     Defendant prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

49.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

50.     Defendant violated 15 U.S.C. §1681i(a) by failing to: (i) conduct a reasonable reinvestigation after receiving the Plaintiff's second dispute letter regarding an Errant Trade line to determine whether the disputed information was inaccurate; and (ii) record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

51.     As a result of Defendant's violation(s) of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

52.     The violation(s) by Defendant of 15 U.S.C. §1681i(a) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

53.     In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

54.     As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

55.     The violation(s) by Defendant of 15 U.S.C. §1681i (a)(1)(A) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

56.     In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

57.     Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

**WHEREFORE**, THE PLAINTIFF CLAIMS THE FOLLOWING REMEDIES:

A.     For statutory and actual damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

B.      For punitive damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

C.      A Declaration that Defendant's practices violated the FCRA;

D.      An injunction mandating Defendant to remove and/or delete the inaccurate information from Plaintiff's credit report;

E.      For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1681n of the FCRA; and

F.      For any such other and further relief, including, but not limited to prejudgment and post judgment interest at the prevailing rate, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: February 15, 2025

Respectfully submitted,

April Forbes, Esq.
April Forbes, P.C.
P.O. Box 865
Hudson, New York 12534
*Attorney(s) for the Plaintiff*
Juris No.: 444521

**RETURN DATE: MARCH 18, 2025**

                                    **SUPERIOR COURT**
                                    **J.D. OF NEW LONDON**

-----------------------------------------------------------------X
CALEB MARCHAND,
                                    Docket No.: KNL-CV-25-6072882-S

                Plaintiff,

       -against-


EXPERIAN INFORMATION SOLUTIONS, INC.,

                                 **DEMAND FOR JURY TRIAL**

             Defendant(s).
                                  FEBRUARY 15, 2025

## STATEMENT OF AMOUNT IN DEMAND

       The amount in demand is greater than Fifteen Thousand Dollars exclusive of interest and costs.


Dated: February 15, 2025


                              Respectfully submitted,


                              April Forbes, Esq.
                              April Forbes, P.C.
                              P.O. Box 865
                              Hudson, New York 12534
                              *Attorney(s) for the Plaintiff*
                              Juris No.: 444521

**RETURN DATE: MARCH 18, 2025**

**SUPERIOR COURT**
**J.D. OF NEW LONDON**

-------------------------------------------------------------------X

CALEB MARCHAND,

Docket No.: KNL-CV-25-6072882-S

                   Plaintiff,

    -against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

             Defendant(s).

FEBRUARY 15, 2025

---

# AMENDED COMPLAINT AND STATEMENT OF AMOUNT IN DEMAND

---

*APRIL FORBES, P.C.*
*P.O. Box 865*
*Hudson, New York 12534*
*Phone: (518) 249-5328*
*Attorney(s) for Plaintiff*

To:
Attorney(s) for:

Service of a copy of the within                  is hereby admitted.

Dated:

              ----------------------------------
              Attorney (s) for

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous.

Date: February 15, 2025          Signature

                April Forbes, Esq.
                Juris No.: 444521
                Attorney(s) for Plaintiff
          April Forbes, P.C.
          P.O. Box 865
          Hudson, New York 12534
          (518) 249-5328 - Telephone
          (518) 707-0880 - Telefax

aforbes@esquirepc.org - Email

**Superior Court of the State of Connecticut**
**County of New London**
----------------------------------------------------------------X
CALEB MARCHAND,

                 Plaintiff,

        -against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

                 Defendant(s).
----------------------------------------------------------------X

                    Civil Action No.:

                **COMPLAINT**

             **DEMAND FOR JURY TRIAL**

Plaintiff CALEB MARCHAND ("Plaintiff"), by and through his attorneys, April Forbes, P.C., as for his Complaint against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

1.      Plaintiff brings this action for damages, declaratory relief and injunctive relief arising from Defendant's violation(s) of: (i) §1681 *et seq*. *as amended,* of Title 15 of the United States Code ("U.S.C."), commonly referred to the Fair Credit Reporting Act ("FCRA").

### Parties:

2.      Plaintiff resides in the County of New London within the State of Connecticut.

3.      Defendant is an Ohio corporation with a principal business in Costa Mesa, California.

4.      Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports - as defined in 15 U.S.C. §1681(d) to third parties.

### Jurisdiction:

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337 as well as 15 U.S.C. §1681p *et seq.* and 28 U.S.C. §2201.

6.      The Court also has pendent jurisdiction over the state law claims in this action pursuant

to 28 U.S.C. §1367(a).

## **Venue:**

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## **Factual Allegations:**

8.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.      Plaintiff obtained a copy of his credit report and noticed several accounts reporting with inaccurate information.

10.      Based on the inaccurate information noticed by Plaintiff on his credit report, he wrote a dispute letter to Defendant which was dated July 17, 2024 ("Plaintiff's July dispute letter").

11.      Plaintiff's July dispute letter was sent to Defendant via certified mail and stated:

Dear Experian

I am writing to dispute the following information that appears on my Experian consumer report.

1. SYNCB/AMAZON ACCT#: ……XXXXXXX : I have always paid my debts on time and I have never been late on this account.

2. PENTAGON FCU ACCT#: …..XXXXXX : I have always paid my debts on time and I have never been late on my car payments.

3. ESB/ HARLEY DAVIDSON CR ACCT#: ……XXXXXX FOR $4815: I did have an issue with this account but I do not recall this account with such a high balance. Its much higher than I recall.

4. FORD MOTOR CREDIT COMP ACCT#: ……XXXXXX: I have always paid my debts on time and I have never been late on this account.

5. GREENWOOD CU ACCT#: XXXXXXXX FOR $321: This line item was paid in full in 2018, there should be no balance on this account.

6. SCIENT FCU ACCT#: …..XXXXX FOR $8250 : This auto loan balance is incorrect as I recall it was a much lower balance and it was never corrected. It needs to be verified.

7. MEREDITH VILLAGE SVG ACCT#: …..XXXXXX FOR $11,752: I have paid this account in full during COVID and there should be no balance. There have been multiple attempts to verify this account and no response.

8. SCIENT FCU ACCT#: …..XXXXX FOR $526: This account was paid in full years ago and it is reporting inaccurately and needs to be corrected.

12.      Defendant failed to respond and did not do an investigation.

13.     On October 3, 2024, Plaintiff sent a second dispute letter to Defendant with a request for a method of verification ("Plaintiff's second dispute letter").

14.     Plaintiff's second dispute letter stated:

Dear Experian

Re: delete inaccurate information

My credit report was recently pulled and I realized there are a few errors on my file. This is the second attempt to correct this inaccurate information. I am requesting that you review and remove the following accounts as they are incomplete, inaccurate ( amount owed to each account), PAST THE STATUTE OF LIMITATION REPORTING   PERIOD AS WELL REPORTING INCORRECT WRITE OFF AMOUNTS AND LAST PAYMENT DATES, and or unverifiable.

I REQUESTED THIS ACCOUNT TO BE DELETED FROM MY CREDIT FILE DIRECTLY FROM THE FURNISHER. IF THIS ACCOUNT IS NOT GOING TO BE DELETED, I AMREQUESTING THE FOLLOWING STATUTORY CONSUMER STATEMENT TO SHOW ON MY CREDIT REPORT. IT SHOULD STATE THE FOLLOWING: "THE ACCOUNTS AREREPORTING PAST THE STATUTE OF LIMITATION REPORTING PERIOD AS WELL REPORTING INCORRECT WRITE OFF AMOUNTS AND LAST PAYMENT DATES."

If this statement is not disclosed on my report, the account needs to be deleted immediately.

The following accounts:

1. SYNCB/AMAZON ACCT#: …..XXXXXXX
2. GREENWOOD CU ACCT#: XXXXXXXX
3. SCIENT FCU ACCT#: ….XXXXX
4. MEREDITH VILLAGE SVG ACCT#: ….XXXXXX
5. PENTAGON FEDERAL CU ACCT#: ….XXXXX
6. SCIENT FCU ACCT#: ….XXXXX
7. PORTFOLIO RECOV ASSOC ACCT#: ….XXXXXX

**PLEASE NOTE** I AM OPTING OUT OF RECEIVING CREDIT REPORT RESPONSES ELECTRONICALLY. I MUST RECEIVE ALL CORRESPONDENCE VIA U.S. MAIL. AS OF RIGHT NOW, PLEASE DO NOT ADD A FRAUD ALERT TO MY CREDIT FILE UNLESS I SPECIFICALLY REQUEST IT FROM YOU AND NOT FROM ANY OTHER CREDIT BUREAU(S).

I am also requesting a copy of my entire credit file for further reviews. I am requesting that you forward me all documents you have concerning my file, not just my report. Please include all factual data forms, all notices of delinquencies and any other items that my file might contain.

15.     Defendant responded to Plaintiff's second dispute letter on November 21 2024, but failed to properly investigate and failed to include the required consumer statement under 15 U.S.C. §1681i(a)(8)(b).

16.     Plaintiff pulled his credit report again on December 24, 2024.

17.     Plaintiff's credit report was neither updated nor did it contain the consumer statement.

**First Cause of Action: Violation(s) of the FCRA**

18.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19.     15 U.S.C. §1681i(a) is entitled "Reinvestigations of disputed information" and provides as follows:

(1) Reinvestigation required

(A) In general

Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(6)     NOTICE OF RESULTS OF REINVESTIGATION

(A)     In general

A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.

(B) Contents. As part of, or in addition to, the notice under subparagraph (A), a consumer reporting agency shall provide to a consumer in writing before the expiration of the 5-day period referred to in subparagraph (A)—

(i)      a statement that the reinvestigation is completed;
(ii)     a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;
(iii)    a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available;
(iv)     a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and
(v)      a notice that the consumer has the right to request under subsection (d) that the consumer reporting agency furnish notifications under that subsection.

(7)     DESCRIPTION OF REINVESTIGATION PROCEDURE

A consumer reporting agency shall provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description.

20.    Defendant violated 15 U.S.C. §1681i(a) by: (i) failing to investigate the disputed account as requested within Plaintiff's July dispute letter and adequately; (ii) failing to respond to Plaintiff's July dispute letter within the required thirty (30) day period; and (iii) further failing to delete the account within the required 30 day period.

21.    Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to: (i) establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained; and (ii) update the credit report, delete and/or remove the disputed accounts as Plaintiff requested and as required by law.

22.    As a result of Defendant's violation(s) of 15 U.S.C. §1681e (b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

23.    The violation(s) by Defendant of 15 U.S.C. §1681e (b) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

24.    After receiving Plaintiff's July dispute letter, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

25.    As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA and in response to Plaintiff's July dispute letter, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

26.    Defendant is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

27.    Defendant prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

28.    Such reports contained information about Plaintiff that was false, misleading, and

inaccurate.

29.     Defendant violated 15 U.S.C. §1681i(a) by failing to: (i) conduct a reasonable reinvestigation after receiving the Plaintiff's July dispute letter regarding an Errant Trade line to determine whether the disputed information was inaccurate; and (ii) record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

30.     As a result of Defendant's violation(s) of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

31.     The violation(s) by Defendant of 15 U.S.C. §1681i(a) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

32.     In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

33.     As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

34.     The violation(s) by Defendant of 15 U.S.C. §1681i (a)(1)(A) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

35.     In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

36.     Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

37.     Defendant violated 15 U.S.C. §1681i(a) by: (i) failing to investigate the disputed account as requested within Plaintiff's second dispute letter and adequately; (ii) failing to respond to Plaintiff's July dispute letter within the required thirty (30) day period; and (iii) further failing to delete the

account within the required 30 day period.

38.    Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to: (i) establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained; and (ii) update the credit report, delete and/or remove the disputed accounts as requested in Plaintiff's second dispute letter and as required by law.

39.    As a result of Defendant's violation(s) of 15 U.S.C. §1681e (b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

40.    The violation(s) by Defendant of 15 U.S.C. §1681e (b) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

41.    After receiving Plaintiff's second dispute letter, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

42.    As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA and in response to Plaintiff's second dispute letter, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43.    Defendant is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

48.    Defendant prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

49.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

50.    Defendant violated 15 U.S.C. §1681i(a) by failing to: (i) conduct a reasonable reinvestigation after receiving the Plaintiff's second dispute letter regarding an Errant Trade line to

determine whether the disputed information was inaccurate; and (ii) record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

51.     As a result of Defendant's violation(s) of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

52.     The violation(s) by Defendant of 15 U.S.C. §1681i(a) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

53.     In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

54.     As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

55.     The violation(s) by Defendant of 15 U.S.C. §1681i (a)(1)(A) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

56.     In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

57.     Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from Defendant:

A.     For statutory and actual damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

B.     For punitive damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

C.      A Declaration that Defendant's practices violated the FCRA;

D.      An injunction mandating Defendant to remove and/or delete the inaccurate information from Plaintiff's credit report;

E.      For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1681n of the FCRA; and

F.      For any such other and further relief, including, but not limited to prejudgment and post judgment interest at the prevailing rate, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: February 4, 2025

Respectfully submitted,

April Forbes, Esq. (Conn ID: 444521)
April Forbes, P.C.
P.O. Box 865
Hudson, New York 12534
*Attorney(s) for the Plaintiff*

**Superior Court of the State of Connecticut**
**County of New London**

----------------------------------------------------------------------------------------------------------------------------

CALEB MARCHAND,                                                   Index No.:

                    Plaintiff,

       -against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

                   Defendant.

----------------------------------------------------------------------------------------------------------------------------

## SUMMONS AND COMPLAINT

_____

*APRIL FORBES, P.C.*
*P.O. Box 865*
*Hudson, New York 12534*
*Phone: (518) 249-5328*
*Attorney(s) for Plaintiff*

_____

To:
Attorney(s) for:

_____

Service of a copy of the within                                          is hereby admitted.

Dated:                                   --------------------------------
                                         Attorney (s) for

_____

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the
circumstances, the presentation of these papers or the contentions therein are not frivolous.

Date: February 4, 2025                   Signature_____
                                                   April Forbes, Esq.
                                                   (CT ID: 444521)
                                                   Attorney(s) for Plaintiff
                                         April Forbes, P.C.
                                         P.O. Box 865
                                         Hudson, New York 12534
                                         (518) 249-5328 - Telephone
                                         (518) 707-0880 - Telefax
                                         aforbes@esquirepc.org - Email

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☑ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☑ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 112 Broad Street, New London, Connecticut 06320 | (860) 443 – 8343 | March 11, 2025 |

| ☑ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | Number: | New London | Major: **M** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| April Forbes, Esq., P.O. Box 865, Hudson, New York 12534 | 444521 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| (518) 249 – 5328 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes   ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* aforbes@esquirepc.org |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **Marchand, Caleb** <br> Address: **123 Bull Hill Road, Colchester, Connecticut 06415** | P-01 |
| **Additional plaintiff** | Name: <br> Address: | P-02 |
| **First defendant** | Name: **Experian Information Solutions, Inc.** <br> Address: **475 Anton Boulevard, Costa Mesa, California 92626** | D-01 |
| **Additional defendant** | Name: <br> Address: | D-02 |
| **Additional defendant** | Name: <br> Address: | D-03 |
| **Additional defendant** | Name: <br> Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.

2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.

3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.

4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.

5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and Select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 02/08/2025 | | ☐ _____ Clerk | **April Forbes** |

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. <br> c. The court staff is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

   Do *not* use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals

   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
|  | C 10 | Construction - State and Local |  | P 10 | Partition |
|  | C 20 | Insurance Policy |  | P 20 | Quiet Title/Discharge of Mortgage or Lien |
|  | C 30 | Specific Performance |  | P 30 | Asset Forfeiture |
|  | C 40 | Collections |  | P 90 | All other |
|  | C 50 | Uninsured/Underinsured Motorist Coverage |  |  |  |
|  | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | C 90 | All other |  | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation |  | T 11 | Defective Premises - Public - Snow or Ice |
|  | E 10 | Redevelopment Condemnation |  | T 12 | Defective Premises - Public - Other |
|  | E 20 | Other State or Municipal Agencies |  | T 20 | Products Liability - Other than Vehicular |
|  | E 30 | Public Utilities & Gas Transmission Companies |  | T 28 | Malpractice - Medical |
|  | E 90 | All other |  | T 29 | Malpractice - Legal |
|  |  |  |  | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit |  | T 40 | Assault and Battery |
|  | H 12 | Housing - Rent and/or Damages |  | T 50 | Defamation |
|  | H 40 | Housing - Housing - Audita Querela/Injunction |  | T 61 | Animals - Dog |
|  | H 50 | Housing - Administrative Appeal |  | T 69 | Animals - Other |
|  | H 60 | Housing - Municipal Enforcement |  | T 70 | False Arrest |
|  | H 90 | Housing - All Other |  | T 71 | Fire Damage |
| Miscellaneous | M 00 | Injunction |  | T 90 | All other |
|  | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | M 15 | Receivership for Abandoned/Blighted Property |  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | M 20 | Mandamus |  | V 05 | Motor Vehicles* - Property Damage only |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) |  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | M 40 | Arbitration |  | V 09 | Motor Vehicle* - All other |
|  | M 50 | Declaratory Judgment |  | V 10 | Boats |
|  | M 63 | Bar Discipline |  | V 20 | Airplanes |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |  | V 30 | Railroads |
|  | M 68 | Bar Discipline - Inactive Status |  | V 40 | Snowmobiles |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |  | V 90 | All other |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
|  | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | M 84 | Foreign Protective Order |  | W 90 | All other |
|  | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |  |  |  |
|  | M 90 | All other |  |  |  |

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: **www.jud.ct.gov/ADA/** |
|---|

STATE OF CONNECTICUT
JUDICIAL BRANCH
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☑ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 112 Broad Street, New London, Connecticut 06320 | ( 860 ) 443 − 8343 | March 18, 2025 |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | Number: | New London | Major: **M**    Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| April Forbes, Esq., P.O. Box 865, Hudson, New York 12534 | 444521 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 518 ) 249 − 5328 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13) ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book **aforbes@esquirepc.org** |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **Marchand, Caleb** Address: **123 Bull Hill Road, Colchester, Connecticut 06415** | P-01 |
| **Additional plaintiff** | Name: Address: | P-02 |
| **First defendant** | Name: **Experian Information Solutions, Inc.** Address: **475 Anton Boulevard, Costa Mesa, California  92626** | D-01 |
| **Additional defendant** | Name: Address: | D-02 |
| **Additional defendant** | Name: Address: | D-03 |
| **Additional defendant** | Name: Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.

2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.

3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.

4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.

5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 02/15/2025 | | ☐ _____ Clerk | **April Forbes** |

If this summons is signed by a Clerk:

a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| For Court Use Only |
|---|
| File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Print Form    Page 1 of 2    Reset Form

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

   Do *not* use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals

   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 70 | Dissolution of Lien Upon Substitution of Bond |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | P 90 | All other |
| | C 60 | Uniform Limited Liability Company Act - C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| Housing | H 00 | Housing - Summary Process | | T 30 | Malpractice - All other |
| | H 03 | Housing - Deceased Tenants - Summary Process | | T 40 | Assault and Battery |
| | H 10 | Housing - Return of Security Deposit | | T 50 | Defamation |
| | H 12 | Housing - Rent and/or Damages | | T 61 | Animals - Dog |
| | H 20 | Housing - Housing Code Enforcement | | T 69 | Animals - Other |
| | H 30 | Housing - Entry and Detainer | | T 70 | False Arrest |
| | H 40 | Housing - Audita Querela/Injunction | | T 71 | Fire Damage |
| | H 50 | Housing - Administrative Appeal | | T 90 | All other |
| | H 60 | Housing - Municipal Enforcement | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | H 70 | Housing - Bed Bug Infestation | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | H 87 | Housing - Denied Fee Waiver Appeal | | V 05 | Motor Vehicles* - Property Damage only |
| | H 90 | Housing - All Other | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| Miscellaneous | M 00 | Injunction | | V 09 | Motor Vehicle* - All other |
| | M 10 | Receivership | | V 10 | Boats |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 20 | Airplanes |
| | M 20 | Mandamus | | V 30 | Railroads |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 40 | Snowmobiles |
| | M 40 | Arbitration | | V 90 | All other |
| | M 50 | Declaratory Judgment | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 63 | Bar Discipline | | | |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | Wills, Estates and Trusts | W 00 | Probate Appeals |
| | M 68 | Bar Discipline - Inactive Status | | W 10 | Construction of Wills and Trusts |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | W 90 | All other |
| | M 75 | Foreign Subpoena - C.G.S. 52-657 | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | | | |
| | M 84 | Foreign Protective Order | | | |
| | M 85 | Civil Protection Order | | | |
| | M 87 | Denied Fee Waiver Appeal | | | |
| | M 88 | Application for Pro Hac Vice for State or Municipal Agency/Board | | | |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | | | | |

**RETURN DATE: MARCH 11, 2025**

**SUPERIOR COURT**
**J.D. OF NEW LONDON**

-----------------------------------------------------------------X

CALEB MARCHAND,

Docket No.: KNL-CV-25-6072882-S

                  Plaintiff,

      -against-

**COMPLAINT**

EXPERIAN INFORMATION SOLUTIONS, INC.,

**DEMAND FOR JURY TRIAL**

          Defendant(s).

FEBRUARY 8, 2025

-----------------------------------------------------------------X

Plaintiff CALEB MARCHAND ("Plaintiff"), by and through his attorneys, April Forbes, P.C., as for his Complaint against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

1.      Plaintiff brings this action for damages, declaratory relief and injunctive relief arising from Defendant's violation(s) of: (i) §1681 *et seq*. *as amended,* of Title 15 of the United States Code ("U.S.C."), commonly referred to the Fair Credit Reporting Act ("FCRA").

## Parties:

2.      Plaintiff resides in the County of New London within the State of Connecticut.

3.      Defendant is an Ohio corporation with a principal business in Costa Mesa, California.

4.      Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports - as defined in 15 U.S.C. §1681(d) to third parties.

## Jurisdiction:

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337 as well as 15 U.S.C. §1681p *et seq.* and 28 U.S.C. §2201.

6.      The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

## Venue:

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## Factual Allegations:

8.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.      Plaintiff obtained a copy of his credit report and noticed several accounts reporting with inaccurate information.

10.      Based on the inaccurate information noticed by Plaintiff on his credit report, he wrote a dispute letter to Defendant which was dated July 17, 2024 ("Plaintiff's July dispute letter").

11.      Plaintiff's July dispute letter was sent to Defendant via certified mail and stated:

Dear Experian

I am writing to dispute the following information that appears on my Experian consumer report.

1. SYNCB/AMAZON ACCT#: ……XXXXXXX : I have always paid my debts on time and I have never been late on this account.

2. PENTAGON FCU ACCT#: …..XXXXXX : I have always paid my debts on time and I have never been late on my car payments.

3. ESB/ HARLEY DAVIDSON CR ACCT#: ……XXXXXX FOR $4815: I did have an issue with this account but I do not recall this account with such a high balance. Its much higher than I recall.

4. FORD MOTOR CREDIT COMP ACCT#: ……XXXXXX: I have always paid my debts on time and I have never been late on this account.

5. GREENWOOD CU ACCT#: XXXXXXXX FOR $321: This line item was paid in full in 2018, there should be no balance on this account.

6. SCIENT FCU ACCT#: …..XXXXX FOR $8250 : This auto loan balance is incorrect as I recall it was a much lower balance and it was never corrected. It needs to be verified.

7. MEREDITH VILLAGE SVG ACCT#: …..XXXXXX FOR $11,752: I have paid this account in full during COVID and there should be no balance. There have been multiple attempts to verify this account and no response.

8. SCIENT FCU ACCT#: …..XXXXX FOR $526: This account was paid in full years ago and it is reporting inaccurately and needs to be corrected.

12.     Defendant failed to respond and did not do an investigation.

13.     On October 3, 2024, Plaintiff sent a second dispute letter to Defendant with a

request for a method of verification ("Plaintiff's second dispute letter").

14.     Plaintiff's second dispute letter stated:

Dear Experian

Re: delete inaccurate information

My credit report was recently pulled and I realized there are a few errors on my file. This is the second
attempt to correct this inaccurate information. I am requesting that you review and remove the following accounts
as they are incomplete, inaccurate ( amount owed to each account), PAST THE STATUTE OF LIMITATION
REPORTING  PERIOD AS WELL REPORTING INCORRECT WRITE OFF AMOUNTS AND LAST
PAYMENT DATES, and or unverifiable.

I REQUESTED THIS ACCOUNT TO BE DELETED FROM MY CREDIT FILE DIRECTLY FROM
THE FURNISHER. IF THIS ACCOUNT IS NOT GOING TO BE DELETED, I AMREQUESTING THE
FOLLOWING STATUTORY CONSUMER STATEMENT TO SHOW ON MY CREDIT REPORT. IT
SHOULD STATE THE FOLLOWING: "THE ACCOUNTS AREREPORTING PAST THE STATUTE OF
LIMITATION REPORTING PERIOD AS WELL REPORTING INCORRECT WRITE OFF AMOUNTS AND
LAST PAYMENT DATES."

If this statement is not disclosed on my report, the account needs to be deleted immediately.

The following accounts:

1. SYNCB/AMAZON ACCT#: …..XXXXXXX
2. GREENWOOD CU ACCT#: XXXXXXXX
3. SCIENT FCU ACCT#: ….XXXXX
4. MEREDITH VILLAGE SVG ACCT#: ….XXXXXX
5. PENTAGON FEDERAL CU ACCT#: ….XXXXX
6. SCIENT FCU ACCT#: ….XXXXX
7. PORTFOLIO RECOV ASSOC ACCT#: ….XXXXXX

**PLEASE NOTE** I AM OPTING OUT OF RECEIVING CREDIT REPORT RESPONSES
ELECTRONICALLY. I MUST RECEIVE ALL CORRESPONDENCE VIA U.S. MAIL. AS OF RIGHT NOW,
PLEASE DO NOT ADD A FRAUD ALERT TO MY CREDIT FILE UNLESS I SPECIFICALLY REQUEST IT
FROM YOU AND NOT FROM ANY OTHER CREDIT BUREAU(S).

I am also requesting a copy of my entire credit file for further reviews. I am requesting that you forward
me all documents you have concerning my file, not just my report. Please include all factual data forms, all notices
of delinquencies and any other items that my file might contain.

15.     Defendant responded to Plaintiff's second dispute letter on November 21 2024, but

failed to properly investigate and failed to include the required consumer statement under 15 U.S.C.

§1681i(a)(8)(b).

16.     Plaintiff pulled his credit report again on December 24, 2024.

17.    Plaintiff's credit report was neither updated nor did it contain the consumer statement.

**<u>Count One: Violation(s) of the FCRA</u>**

18.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19.    15 U.S.C. §1681i(a) is entitled "Reinvestigations of disputed information" and provides as follows:

(1) Reinvestigation required

(A) In general

Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(6)    NOTICE OF RESULTS OF REINVESTIGATION

(A)    In general

A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.

(B) Contents. As part of, or in addition to, the notice under subparagraph (A), a consumer reporting agency shall provide to a consumer in writing before the expiration of the 5-day period referred to in subparagraph (A)—

(i)    a statement that the reinvestigation is completed;
(ii)    a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;
(iii)    a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available;
(iv)    a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and
(v)    a notice that the consumer has the right to request under subsection (d) that the consumer reporting agency furnish notifications under that subsection.

(7)    DESCRIPTION OF REINVESTIGATION PROCEDURE

> A consumer reporting agency shall provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description.

20.     Defendant violated 15 U.S.C. §1681i(a) by: (i) failing to investigate the disputed account as requested within Plaintiff's July dispute letter and adequately; (ii) failing to respond to Plaintiff's July dispute letter within the required thirty (30) day period; and (iii) further failing to delete the account within the required 30 day period.

21.     Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to: (i) establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained; and (ii) update the credit report, delete and/or remove the disputed accounts as Plaintiff requested and as required by law.

22.     As a result of Defendant's violation(s) of 15 U.S.C. §1681e (b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

23.     The violation(s) by Defendant of 15 U.S.C. §1681e (b) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

24.     After receiving Plaintiff's July dispute letter, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

25.     As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA and in response to Plaintiff's July dispute letter, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

26.     Defendant is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

27.     Defendant prepared, compiled, issued assembled, transferred, published, and otherwise

reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

28.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

29.     Defendant violated 15 U.S.C. §1681i(a) by failing to: (i) conduct a reasonable reinvestigation after receiving the Plaintiff's July dispute letter regarding an Errant Trade line to determine whether the disputed information was inaccurate; and (ii) record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

30.     As a result of Defendant's violation(s) of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

31.     The violation(s) by Defendant of 15 U.S.C. §1681i(a) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

32.     In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

33.     As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

34.     The violation(s) by Defendant of 15 U.S.C. §1681i (a)(1)(A) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

35.     In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

36.     Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

37.     Defendant violated 15 U.S.C. §1681i(a) by: (i) failing to investigate the disputed account

as requested within Plaintiff's second dispute letter and adequately; (ii) failing to respond to Plaintiff's July dispute letter within the required thirty (30) day period; and (iii) further failing to delete the account within the required 30 day period.

38.     Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to: (i) establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained; and (ii) update the credit report, delete and/or remove the disputed accounts as requested in Plaintiff's second dispute letter and as required by law.

39.     As a result of Defendant's violation(s) of 15 U.S.C. §1681e (b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

40.     The violation(s) by Defendant of 15 U.S.C. §1681e (b) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

41.     After receiving Plaintiff's second dispute letter, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

42.     As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA and in response to Plaintiff's second dispute letter, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43.     Defendant is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

48.     Defendant prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

49.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

50.     Defendant violated 15 U.S.C. §1681i(a) by failing to: (i) conduct a reasonable reinvestigation after receiving the Plaintiff's second dispute letter regarding an Errant Trade line to determine whether the disputed information was inaccurate; and (ii) record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

51.     As a result of Defendant's violation(s) of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

52.     The violation(s) by Defendant of 15 U.S.C. §1681i(a) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

53.     In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

54.     As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

55.     The violation(s) by Defendant of 15 U.S.C. §1681i (a)(1)(A) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

56.     In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

57.     Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

**WHEREFORE**, THE PLAINTIFF CLAIMS THE FOLLOWING REMEDIES:

A.     For statutory and actual damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

       B.      For punitive damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

       C.      A Declaration that Defendant's practices violated the FCRA;

       D.      An injunction mandating Defendant to remove and/or delete the inaccurate information from Plaintiff's credit report;

       E.      For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1681n of the FCRA; and

       F.      For any such other and further relief, including, but not limited to prejudgment and post judgment interest at the prevailing rate, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: February 8, 2025

Respectfully submitted,

April Forbes, Esq.
April Forbes, P.C.
P.O. Box 865
Hudson, New York 12534
*Attorney(s) for the Plaintiff*
Juris No.: 444521

**RETURN DATE: MARCH 11, 2025**

**SUPERIOR COURT**
**J.D. OF NEW LONDON**

------------------------------------------------------------------X

CALEB MARCHAND,

               Plaintiff,

       -against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

          Defendant(s).

Docket No.: KNL-CV-25-6072882-S

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

FEBRUARY 8, 2025

<u>**STATEMENT OF AMOUNT IN DEMAND**</u>

      The amount in demand is greater than Fifteen Thousand Dollars exclusive of interest and costs.

Dated: February 8, 2025

                    Respectfully submitted,

                    April Forbes, Esq.
                    April Forbes, P.C.
                    P.O. Box 865
                    Hudson, New York 12534
                    *Attorney(s) for the Plaintiff*
                    Juris No.: 444521

**RETURN DATE: MARCH 11, 2025**

|  |  |
|---|---|
|  | **SUPERIOR COURT**<br>**J.D. OF NEW LONDON** |

-----------------------------------------------------------------X

CALEB MARCHAND,

                    Plaintiff,                Docket No.: KNL-CV-25-6072882-S

        -against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

                    Defendant(s).

                                    FEBRUARY 8, 2025

---------------------------------------------------------------------------------------------------------------------------

# COMPLAINT AND STATEMENT
# OF AMOUNT IN DEMAND
_____

*APRIL FORBES, P.C.*
*P.O. Box 865*
*Hudson, New York 12534*
*Phone: (518) 249-5328*
*Attorney(s) for Plaintiff*

_____

To:
Attorney(s) for:

_____

Service of a copy of the within                         is hereby admitted.

Dated:                          ---------------------------------
                               Attorney (s) for

_____

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous.

Date: February 8, 2025                   Signature_____
                                April Forbes, Esq.
                                Juris No.: 444521
                                Attorney(s) for Plaintiff
                    April Forbes, P.C.
                    P.O. Box 865
                    Hudson, New York 12534
                    (518) 249-5328 - Telephone
                    (518) 707-0880 - Telefax
                    aforbes@esquirepc.org - Email

**RETURN DATE: MARCH 18, 2025**

                                                **SUPERIOR COURT**

**J.D. OF NEW LONDON**

-----------------------------------------------------------------X

CALEB MARCHAND,

                          Docket No.: KNL-CV-25-6072882-S

                Plaintiff,

     -against-

                          **AMENDED COMPLAINT**

EXPERIAN INFORMATION SOLUTIONS, INC.,

                          **DEMAND FOR JURY TRIAL**

              Defendant(s).

                          FEBRUARY 15, 2025

-----------------------------------------------------------------X

       Plaintiff CALEB MARCHAND ("Plaintiff"), by and through his attorneys, April Forbes, P.C.,

as for his Amended Complaint against Defendant EXPERIAN INFORMATION SOLUTIONS, INC.

("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the

following:

      1.      Plaintiff brings this action for damages, declaratory relief and injunctive relief arising

from Defendant's violation(s) of: (i) §1681 *et seq*. *as amended,* of Title 15 of the United States Code

("U.S.C."), commonly referred to the Fair Credit Reporting Act ("FCRA").

## Parties:

      2.      Plaintiff resides in the County of New London within the State of Connecticut.

      3.      Defendant is an Ohio corporation with a principal business in Costa Mesa, California.

      4.      Defendant is regularly engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports - as defined in 15

U.S.C. §1681(d) to third parties.

## Jurisdiction:

      5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337 as well

as 15 U.S.C. §1681p *et seq.* and 28 U.S.C. §2201.

6.      The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

## Venue:

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## Factual Allegations:

8.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.      Plaintiff obtained a copy of his credit report and noticed several accounts reporting with inaccurate information.

10.     Based on the inaccurate information noticed by Plaintiff on his credit report, he wrote a dispute letter to Defendant which was dated July 17, 2024 ("Plaintiff's July dispute letter").

11.     Plaintiff's July dispute letter was sent to Defendant via certified mail and stated:

Dear Experian

I am writing to dispute the following information that appears on my Experian consumer report.

1. SYNCB/AMAZON ACCT#: ……XXXXXXX : I have always paid my debts on time and I have never been late on this account.

2. PENTAGON FCU ACCT#: …..XXXXXX : I have always paid my debts on time and I have never been late on my car payments.

3. ESB/ HARLEY DAVIDSON CR ACCT#: ……XXXXXX FOR $4815: I did have an issue with this account but I do not recall this account with such a high balance. Its much higher than I recall.

4. FORD MOTOR CREDIT COMP ACCT#: ……XXXXXX: I have always paid my debts on time and I have never been late on this account.

5. GREENWOOD CU ACCT#: XXXXXXXX FOR $321: This line item was paid in full in 2018, there should be no balance on this account.

6. SCIENT FCU ACCT#: …..XXXXX FOR $8250 : This auto loan balance is incorrect as I recall it was a much lower balance and it was never corrected. It needs to be verified.

7. MEREDITH VILLAGE SVG ACCT#: …..XXXXXX FOR $11,752: I have paid this account in full during COVID and there should be no balance. There have been multiple attempts to verify this account and no response.

8. SCIENT FCU ACCT#: …..XXXXX FOR $526: This account was paid in full years ago and it is reporting inaccurately and needs to be corrected.

12.    Defendant failed to respond and did not do an investigation.

13.    On October 3, 2024, Plaintiff sent a second dispute letter to Defendant with a

request for a method of verification ("Plaintiff's second dispute letter").

14.    Plaintiff's second dispute letter stated:

Dear Experian

Re: delete inaccurate information

My credit report was recently pulled and I realized there are a few errors on my file. This is the second attempt to correct this inaccurate information. I am requesting that you review and remove the following accounts as they are incomplete, inaccurate ( amount owed to each account), PAST THE STATUTE OF LIMITATION REPORTING  PERIOD AS WELL REPORTING INCORRECT WRITE OFF AMOUNTS AND LAST PAYMENT DATES, and or unverifiable.

I REQUESTED THIS ACCOUNT TO BE DELETED FROM MY CREDIT FILE DIRECTLY FROM THE FURNISHER. IF THIS ACCOUNT IS NOT GOING TO BE DELETED, I AMREQUESTING THE FOLLOWING STATUTORY CONSUMER STATEMENT TO SHOW ON MY CREDIT REPORT. IT SHOULD STATE THE FOLLOWING: "THE ACCOUNTS AREREPORTING PAST THE STATUTE OF LIMITATION REPORTING PERIOD AS WELL REPORTING INCORRECT WRITE OFF AMOUNTS AND LAST PAYMENT DATES."

If this statement is not disclosed on my report, the account needs to be deleted immediately.

The following accounts:

1. SYNCB/AMAZON ACCT#: …..XXXXXXX
2. GREENWOOD CU ACCT#: XXXXXXXX
3. SCIENT FCU ACCT#: ….XXXXX
4. MEREDITH VILLAGE SVG ACCT#: ….XXXXXX
5. PENTAGON FEDERAL CU ACCT#: ….XXXXX
6. SCIENT FCU ACCT#: ….XXXXX
7. PORTFOLIO RECOV ASSOC ACCT#: ….XXXXXX

**PLEASE NOTE** I AM OPTING OUT OF RECEIVING CREDIT REPORT RESPONSES ELECTRONICALLY. I MUST RECEIVE ALL CORRESPONDENCE VIA U.S. MAIL. AS OF RIGHT NOW, PLEASE DO NOT ADD A FRAUD ALERT TO MY CREDIT FILE UNLESS I SPECIFICALLY REQUEST IT FROM YOU AND NOT FROM ANY OTHER CREDIT BUREAU(S).

I am also requesting a copy of my entire credit file for further reviews. I am requesting that you forward me all documents you have concerning my file, not just my report. Please include all factual data forms, all notices of delinquencies and any other items that my file might contain.

15.    Defendant responded to Plaintiff's second dispute letter on November 21 2024, but

failed to properly investigate and failed to include the required consumer statement under 15 U.S.C.

§1681i(a)(8)(b).

16.    Plaintiff pulled his credit report again on December 24, 2024.

17.     Plaintiff's credit report was neither updated nor did it contain the consumer statement.

## **<u>Count One: Violation(s) of the FCRA</u>**

18.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19.     15 U.S.C. §1681i(a) is entitled "Reinvestigations of disputed information" and provides as follows:

> (1) Reinvestigation required
>
> (A) In general
>
> Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
>
> (6)     NOTICE OF RESULTS OF REINVESTIGATION
>
> (A)     In general
>
> A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.
>
> (B) Contents. As part of, or in addition to, the notice under subparagraph (A), a consumer reporting agency shall provide to a consumer in writing before the expiration of the 5-day period referred to in subparagraph (A)—
>
> (i)     a statement that the reinvestigation is completed;
> (ii)    a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;
> (iii)   a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available;
> (iv)    a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and
> (v)     a notice that the consumer has the right to request under subsection (d) that the consumer reporting agency furnish notifications under that subsection.
>
> (7)     DESCRIPTION OF REINVESTIGATION PROCEDURE

> A consumer reporting agency shall provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description.

20.     Defendant violated 15 U.S.C. §1681i(a) by: (i) failing to investigate the disputed account as requested within Plaintiff's July dispute letter and adequately; (ii) failing to respond to Plaintiff's July dispute letter within the required thirty (30) day period; and (iii) further failing to delete the account within the required 30 day period.

21.     Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to: (i) establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained; and (ii) update the credit report, delete and/or remove the disputed accounts as Plaintiff requested and as required by law.

22.     As a result of Defendant's violation(s) of 15 U.S.C. §1681e (b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

23.     The violation(s) by Defendant of 15 U.S.C. §1681e (b) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

24.     After receiving Plaintiff's July dispute letter, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

25.     As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA and in response to Plaintiff's July dispute letter, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

26.     Defendant is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

27.     Defendant prepared, compiled, issued assembled, transferred, published, and otherwise

reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

28.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

29.    Defendant violated 15 U.S.C. §1681i(a) by failing to: (i) conduct a reasonable reinvestigation after receiving the Plaintiff's July dispute letter regarding an Errant Trade line to determine whether the disputed information was inaccurate; and (ii) record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

30.    As a result of Defendant's violation(s) of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

31.    The violation(s) by Defendant of 15 U.S.C. §1681i(a) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

32.    In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

33.    As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

34.    The violation(s) by Defendant of 15 U.S.C. §1681i (a)(1)(A) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

35.    In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

36.    Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

37.    Defendant violated 15 U.S.C. §1681i(a) by: (i) failing to investigate the disputed account

as requested within Plaintiff's second dispute letter and adequately; (ii) failing to respond to Plaintiff's July dispute letter within the required thirty (30) day period; and (iii) further failing to delete the account within the required 30 day period.

38.     Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to: (i) establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained; and (ii) update the credit report, delete and/or remove the disputed accounts as requested in Plaintiff's second dispute letter and as required by law.

39.     As a result of Defendant's violation(s) of 15 U.S.C. §1681e (b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

40.     The violation(s) by Defendant of 15 U.S.C. §1681e (b) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

41.     After receiving Plaintiff's second dispute letter, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

42.     As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA and in response to Plaintiff's second dispute letter, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43.     Defendant is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

48.     Defendant prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

49.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

50.     Defendant violated 15 U.S.C. §1681i(a) by failing to: (i) conduct a reasonable reinvestigation after receiving the Plaintiff's second dispute letter regarding an Errant Trade line to determine whether the disputed information was inaccurate; and (ii) record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

51.     As a result of Defendant's violation(s) of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

52.     The violation(s) by Defendant of 15 U.S.C. §1681i(a) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

53.     In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

54.     As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

55.     The violation(s) by Defendant of 15 U.S.C. §1681i (a)(1)(A) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

56.     In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

57.     Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

**WHEREFORE**, THE PLAINTIFF CLAIMS THE FOLLOWING REMEDIES:

A.     For statutory and actual damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

B.     For punitive damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

C.     A Declaration that Defendant's practices violated the FCRA;

D.     An injunction mandating Defendant to remove and/or delete the inaccurate information from Plaintiff's credit report;

E.     For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1681n of the FCRA; and

F.     For any such other and further relief, including, but not limited to prejudgment and post judgment interest at the prevailing rate, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: February 15, 2025

Respectfully submitted,

April Forbes, Esq.
April Forbes, P.C.
P.O. Box 865
Hudson, New York 12534
*Attorney(s) for the Plaintiff*
Juris No.: 444521

**RETURN DATE: MARCH 18, 2025**

                                                                                    **SUPERIOR COURT**
                                                                                    **J.D. OF NEW LONDON**

-----------------------------------------------------------------X

CALEB MARCHAND,

                                                                                    Docket No.: KNL-CV-25-6072882-S
                          Plaintiff,

              -against-


EXPERIAN INFORMATION SOLUTIONS, INC.,

                                                                                    **DEMAND FOR JURY TRIAL**

                          Defendant(s).                                             FEBRUARY 15, 2025

### STATEMENT OF AMOUNT IN DEMAND

          The amount in demand is greater than Fifteen Thousand Dollars exclusive of interest and costs.


Dated: February 15, 2025


                                                              Respectfully submitted,


                                                              April Forbes, Esq.
                                                              April Forbes, P.C.
                                                              P.O. Box 865
                                                              Hudson, New York 12534
                                                              *Attorney(s) for the Plaintiff*
                                                              Juris No.: 444521

**RETURN DATE: MARCH 18, 2025**

**SUPERIOR COURT**
**J.D. OF NEW LONDON**

----------------------------------------------------------------X

CALEB MARCHAND,

Docket No.: KNL-CV-25-6072882-S

                Plaintiff,

      -against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

                Defendant(s).

FEBRUARY 15, 2025

----------------------------------------------------------------------------------------------------------------------

# AMENDED COMPLAINT AND STATEMENT OF AMOUNT IN DEMAND

_____

*APRIL FORBES, P.C.*
*P.O. Box 865*
*Hudson, New York 12534*
*Phone: (518) 249-5328*
*Attorney(s) for Plaintiff*

_____

To:
Attorney(s) for:

_____

Service of a copy of the within                                   is hereby admitted.

Dated:                          --------------------------------
                                Attorney (s) for

_____

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous.

Date: February 15, 2025                    Signature_____
                                           April Forbes, Esq.
                                           Juris No.: 444521
                                           Attorney(s) for Plaintiff
                                           April Forbes, P.C.
                                           P.O. Box 865
                                           Hudson, New York 12534
                                           (518) 249-5328 - Telephone
                                           (518) 707-0880 - Telefax

aforbes@esquirepc.org - Email